## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL P. CHECKA ) | |
| 5836 Rexford Drive ) | |
| Springfield, Virginia 22152, ) | |
| ) | |
| Plaintiff ) | C.A. No.: 1:07CV00099 |
| vs. ) | Judge Gladys Kessler |
| ) | |
| RITE AID CORPORATION ) | |
| 30 Hunter Lane ) | |
| Camp Hill, Pennsylvania 17011 ) | |
| Serve: ) | |
| CT Corporation ) | |
| Corporation Trust Centers ) | |
| 1209 Orange Street ) | |
| Wilmington, Delaware ) | **JURY TRIAL DEMANDED** |
| And ) | |
| RITE AID OF WASHINGTON, ) | |
| D.C., INC. ) | |
| Serve: ) | |
| CT Corporation ) | |
| 1015 15th Street, N.W. ) | |
| Suite 1000 ) | |
| Washington, D.C. 20005 ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT FOR DISCRIMINATION UNDER TITLE VII

Plaintiff, Michael P. Checka, by undersigned counsel, hereby brings this

Amended Complaint against Defendants, Rite Aid Corporation and Rite Aid of

Washington, D.C., Inc., for racial discrimination, pursuant to the provisions of Title VII

of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act

of 1972, 42 U.S.C. §§ 2000e, et seq., and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1.    This Honorable Court has jurisdiction over this matter that is brought
pursuant to provisions of 42 U.S.C. §§ 2000e, et seq. and venue is proper in the District
of Columbia in that Defendant transacts and at all times concerned herein did transact
business in the District of Columbia and all actions complained of herein took place in
the District of Columbia.

## PARTIES

2.    Plaintiff, Michael P. Checka, (hereinafter "Plaintiff") is an adult,
Caucasian male residing in the Commonwealth of Virginia and, at all times concerned
herein, was a licensed Pharmacist in the District of Columbia employed by Defendant,
Rite Aid Corporation or Rite Aid of Washington, D.C. Inc..

3.    Defendant, Rite Aid Corporation, (hereinafter "Rite Aid" or "Co-
Defendant") is a corporation that transacts business in the District of Columbia on a
regular basis, either directly or through affiliated Defendant, Rite Aid of Washington,
D.C., Inc. (hereinafter "Rite Aid of D.C." or "Co-Defendant.") Upon information and
belief, Rite Aid of D.C. is either a wholly owned subsidary of or otherwise affiliated
with Co-Defendant Rite Aid.

## FACTUAL BACKGROUND

4.    In or about February 2005, Plaintiff was employed as a pharmacist at the
Rite Aid store located at 1815 Connecticut Avenue, N.W., Washington, D.C. 20009 and
had been so employed for many years.

5.    On or about February 5, 2005, another employee at the store, one Alene
Ashenafi, who is a black, native African male, complained that Plaintiff had struck him
during a confrontation in a storeroom in the back of the store. Plaintiff denied any such
striking and contended that Mr. Ashenafi, who had a reputation for taunting and
mischievous conduct in the workplace, fell over some boxes in the storeroom and
sustained a bleeding nose, as Plaintiff went in to use the men's room located there.

6.    Despite Plaintiff's absolute denial of any assault, the police were called
and he was arrested. The case was "no papered" by the United States Attorney and all
charges were dropped without a formal complaint being filed.

7.    Despite this fact and despite the fact that the only witness to the incident,
an elderly customer, who had entered the storeroom at the time to use the bathroom,
verified that Plaintiff did not strike or otherwise physically threaten Mr. Ashenafi,
Plaintiff was suspended and ultimately discharged on or about February 20, 2005. Upon
information and belief, no adverse action was taken against Mr. Ashenafi based upon the
wrongful accusation or otherwise as a result of the incident.

8.    All efforts by Plaintiff, through his counsel, to obtain reinstatement were
fruitless, despite sworn statements from the above witness and other employees and
witnesses whose statements corroborated those of Plaintiff, both as to the events of that
day, the general professional decorum and peaceful conduct of Plaintiff in discharging his
duties as pharmacist and the mischevious and belligerent nature of his accuser.

## CAUSE OF ACTION

### (Discrimination based on Disparate Treatment)

9.    Plaintiff repeats and reiterates each allegation set forth above in

paragraphs 1 through 8 of the Complaint.

10.   Pursuant to the provisions of 42 U.S.C. §§ 2000e et seq., it is unlawful for an employer to …"discharge any individual or to otherwise discriminate against any individual with respect to his… privileges of employment because of such individual's race…"

11.   Several months before the termination of Plaintiff, at another Rite Aid store in the District of Columbia, a black native African pharmacist named Steve Obidike was accused by a female employee of striking her in that store. That pharmacist was likewise arrested and shortly thereafter the case was "no papered" by the United States Attorney and all charges were dismissed. That black employee received a two-week suspension and was returned to full duty thereafter.

12.   Plaintiff alleges that Defendant has treated him less favorably than his peers because of his race, which is Caucasian. Plaintiff believes that this disparate treatment by Defendant is the result of an intent to discriminate against Plaintiff on the basis of his race.

13.   Defendant has engaged in disparate treatment against Plaintiff as an act of reverse discrimination, Plaintiff being a Caucasian male and the other peer pharmacist similarly situated being black, as well as is the individual who falsely accused Plaintiff.

14.   Plaintiff has exhausted his administrative remedies at the state and federal level and has received a "Right to Sue" letter from the U.S. Equal Employment Opportunity Commission, which letter is dated October 20, 2006 and was received by Plaintiff on October 22, 2006. (Copy attached as Exhibit 1.)

WHEREFORE, Plaintiff respectfully demands judgment against Defendant as follows:

1.    Full reinstatement and retroactive promotions to which he would have been entitled;

2.  Full back pay consisting of salary loss, lost overtime, shift differential and

    fringe and other benefits;

3.  All costs and reasonable attorney's fees incurred by Plaintiff; and

4.  Such other and further relief as the Court deems just and proper.

**Plaintiff demands a jury trial on all issues.**

Respectfully submitted,

Robert F. Condon, Bar No. 108290
818 18th Street, N.W., Suite 410
Washington, D.C. 20006
(202) 861-0070
Fax (202) 861-0070
E-Mail rfcondon@artabane-belden.com

## DISMISSAL AND NOTICE OF RIGHTS

To:  Michael P. Checka
     5836 Rexford Drive
     Springfield, VA 22152

From:   Washington Field Office - 570
        1801 L Street, N.W.
        Suite 100
        Washington, DC 20507

[ ]  *On behalf of person(s) aggrieved whose identity is*
     *CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 10C-2006-00061 | David Gonzalez,<br>State & Local Coordinator | (202) 419-0714 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your
     charge.

[ ]  Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for
     interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]  While reasonable efforts were made to locate you, we were not able to do so.

[ ]  You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained
     establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as
     to any other issues that might be construed as having been raised by this charge.

[X]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only
notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under
federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt
of this Notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may
be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the
alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)**
before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

Dana Hutter,
Director

**OCT 2 0 2006**

*(Date Mailed)*

cc:  Marilyn -. McClure-Demers
     Rite Aid Corporation
     30 Hunter Lane
     Camp Hill, PA 17011



**EXHIBIT**

ALL-STATE LEGAL®

|