UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL P. CHECKA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RITE AID CORPORATION and ) <br> RITE AID OF ) <br> WASHINGTON, D.C., INC., ) <br> ) <br> Defendants. ) | Case No. 1:07CV00099 (GK) <br> Judge Gladys Kessler |

## DEFENDANT RITE AID OF WASHINGTON, D.C., INC.'S
## ANSWER AND ADDITIONAL DEFENSES

Defendant Rite Aid of Washington, D.C., Inc. ("Rite Aid of D.C.") hereby submits this Answer and Additional Defenses to the Amended Complaint of Plaintiff Michael P. Checka.

### Answer

Defendant answers below the allegations in Plaintiff's Amended Complaint in paragraphs that correspond to the paragraphs in Plaintiff's Amended Complaint, without waiving the subsequent additional defenses. Defendant Rite Aid of D.C. denies all allegations in the Amended Complaint not specifically admitted herein.

1. The allegations in paragraph 1 of Plaintiff's Amended Complaint constitute legal conclusions, the validity of which Defendant is not required to admit or deny.

2. Defendant Rite Aid of D.C. admits that, during his employment with Rite Aid of D.C., Plaintiff was a licensed Pharmacist in the District of Columbia. Defendant Rite Aid of D.C. is without information sufficient to determine the truth of the remaining allegations

contained in paragraph 2 of Plaintiff's Amended Complaint. Therefore, Defendant denies those allegations.

3.  Defendant Rite Aid of D.C. admits that it is a wholly-owned subsidiary of Rite Aid Corporation.[1] Defendant denies the remaining allegations contained in paragraph 3 of Plaintiff's Amended Complaint.

4.  Defendant Rite Aid of D.C. admits that it employed Plaintiff as a pharmacist from May 18, 1997 to February 20, 2005. Defendant further admits that, during that time, Plaintiff was employed at the Rite Aid store located at 1815 Connecticut Avenue, N.W., Washington, D.C. 20009. Defendant denies the remaining allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5.  Defendant Rite Aid of D.C. admits that on or about February 5, 2005, Alene Ashenafi, another employee at the store, who is a black, native African Male, complained that Plaintiff had struck him during a confrontation in a storeroom in the back of the store. Defendant further admits that Plaintiff contended that Mr. Ashenafi fell over some boxes in the storeroom and sustained a bleeding nose. Defendant denies the remaining allegations contained in Paragraph 5 of the Amended Complaint.

6.  Defendant Rite Aid of D.C. admits that the police were called and that Plaintiff was arrested. Defendant is without information sufficient to determine the truth of the remaining allegations contained in paragraph 6 of Plaintiff's Amended Complaint. Therefore, Defendant denies those allegations.

7.  Defendant Rite Aid of D.C. admits that Plaintiff was suspended and ultimately discharged on February 20, 2005. Defendant further admits that no adverse action was taken

---

[1] Rite Aid Corporation has been incorrectly identified as a Defendant in this matter. Rite Aid of Washington, D.C., Inc., is the proper Defendant in this matter.

against Mr. Ashenafi as a result of the incident. Defendant denies the remaining allegations contained in Paragraph 7 of the Amended Complaint.

8. Defendant Rite Aid of D.C. admits that Plaintiff was not reinstated to his position. Defendant denies the remaining allegations contained in Paragraph 8 of the Amended Complaint.

9. Defendant Rite Aid of D.C. incorporates its responses to paragraphs 1-8 of the Amended Complaint as if fully set forth herein.

10. The allegations in paragraph 10 of Plaintiff's Amended Complaint constitute legal conclusions, the validity of which Defendant is not required to admit or deny.

11. Defendant Rite Aid of D.C. admits that in or about June 2004, Steve Obidike, a black, native African pharmacist employed by Rite Aid of D.C., at a different store than Checka, was arrested. Defendant further admits that the charges were dropped, that Obidike was suspended pending investigation of the incident and that he returned to work thereafter. Defendant is without information sufficient to determine the truth of the remaining allegations contained in paragraph 11 of Plaintiff's Amended Complaint. Therefore, Defendant denies those allegations.

12. Defendant Rite Aid of D.C. denies the allegations contained in paragraph 12 of Plaintiff's Amended Complaint.

13. Defendant Rite Aid of D.C. denies the allegations contained in paragraph 13 of Plaintiff's Amended Complaint.

14. Defendant Rite Aid of D.C. is without information sufficient to determine when the "Right to Sue" letter was sent to or received by Plaintiff. Therefore, Defendant denies those allegations. The remaining allegations in paragraph 14 of Plaintiff's Amended Complaint constitute legal conclusions, the validity of which Defendant is not required to admit or deny.

WHEREFORE, Defendant denies that Plaintiff is entitled to any relief, including the relief sought in the "Wherefore" paragraph of the Amended Complaint.

### Additional Defenses

1. Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. All actions taken by Defendant Rite Aid of D.C., its representatives and employees, with respect to Plaintiff's employment, and the terms and conditions of his employment, were taken for legitimate, non-discriminatory reasons.

3. All actions taken by Defendant Rite Aid of D.C., its representatives and employees, with respect to Plaintiff's employment, and the terms and conditions of his employment, were taken in good faith, without any malice or intent to injure or harm Plaintiff, and, therefore, are not actionable.

4. Plaintiff's damages, if any, in whole or in part, must be reduced by any income or benefits received by Plaintiff since his termination from Rite Aid of D.C., or to the extent that he has otherwise failed to exercise reasonable diligence in mitigating his damages.

5. Defendant Rite Aid of D.C.'s conduct was not reckless, malicious, willful, or grossly negligent, and any alleged unlawful acts by Defendant's managing agents would have been contrary to Defendant's good faith efforts to comply with the law; consequently, Plaintiff is not entitled to exemplary or punitive damages.

6. Any compensatory and punitive damages to which Plaintiff is entitled are capped pursuant to 42 U.S.C. §1981a.

7. Because no discovery has been taken at this stage of the case, Defendant Rite Aid of D.C. reserves the right to file and serve additional defenses, as appropriate.

**WHEREFORE**, Defendant Rite Aid of D.C. prays for judgment against Plaintiff as follows: (a) for an order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Defendant and against Plaintiff; (b) for all costs, disbursements, and reasonable attorneys' fees incurred by Defendant in connection with the defense of this matter and (c) for such other relief, as the Court in the exercise of its discretion, deems just and proper.

Dated: May 14, 2007

Respectfully submitted,

LITTLER MENDELSON, P.C.

/s/
Katherine E. Bierma Pregel
D.C. Bar No. 486615
1150 17th Street, N.W. Suite 900
Washington, D.C. 20036
(202) 842-3400 (telephone)
(202) 842-0011 (facsimile)
kbpregel@littler.com

Theodore A. Schroeder
(*Pro Hac Vice* pending)
625 Liberty Avenue, 26th Floor
Pittsburgh, Pennsylvania 15222
(412) 201-7600 (telephone)
(412) 774-1959 (facsimile)
tschroeder@littler.com

Counsel for Defendant,
Rite Aid of Washington, D.C., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Defendant Rite Aid of Washington, D.C., Inc.'s Answer and Affirmative Defenses was served through electronic mail, via ECF Filing, this 14th day of May, 2007, upon:

>Robert F. Condon, Esq.
>818 18th Street, N.E.
>Suite 410
>Washington, D.C. 20006
>
>Counsel for Plaintiff

_____/s/_____
Katherine E. Bierma Pregel