UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL P. CHECKA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RITE AID CORPORATION and )<br>RITE AID OF )<br>WASHINGTON, D.C., INC., )<br>)<br>Defendants. )<br>) | Case No. 1:07CV00099 (GK)<br>Judge Gladys Kessler |

## JOINT MEET AND CONFER STATEMENT

Pursuant to Fed R. Civ. P. 26(f) and Local Rule 16.3 of the United States District Court, the parties, by and through undersigned counsel, hereby submit their Joint Meet and Confer Statement.

1. The action brought by the Plaintiff is one founded in the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e, et.seq. Plaintiff claims that Defendants discriminated against him in his employment in that they engaged in conduct, his discharge, as an act of reverse discrimination, intentionally taking adverse action against him, that was not taken against another of a different race similarly situated.

2. Defendant, Rite Aid of Washington, D.C., Inc., defends the action alleging that Plaintiff was treated fairly and in a similar manner to similarly situated employees. Defendant further alleges that all actions taken by Defendant, its

representatives and employees, with respect to Plaintiff's employment were taken in good faith and for legitimate, non-discriminatory reasons.

3. The parties agree to Track Two scheduling and to Mediation at the conclusion of discovery, subject to the Court's approval.

4. Plaintiff does not believe that the case can be resolved by dispositive motion. Defendant believes the case can be resolved by dispositive motion and intends to file such a motion in accordance with the deadlines under Track Two scheduling, subject to the Court's approval.

5. The parties agree that additional parties shall be joined or the pleadings amended by July 2, 2007.

6. The parties do not agree to assignment of the case to a magistrate judge for all purposes, including trial.

7. At this early stage in the case, the parties cannot determine if settlement is a realistic possibility.

8. The parties will exchange initial disclosures pursuant to Fed. R. Civ. Pro. 26(a)(1) by June 18, 2007, in accordance with the Rule.

9. The parties agree to complete discovery and exchange expert witness reports and information pursuant to Fed. R. Civ. Pro. 26(a)(2) in accordance with the deadlines under Track Two scheduling, subject to the Court's approval.

10. The parties agree that the trial in this case should not be bifurcated.

11. The parties agree that a trial date should be set at the pretrial conference.

Dated: May 31, 2007                                          Respectfully submitted,


/s/Robert F. Condon

Robert F. Condon
818 18th Street, N.W., Suite 410
Washington, D.C. 20006
(202) 861-0070
Counsel for Plaintiff

and


/s/Katherine E. Bierma Pregel

Katherine E. Bierma Pregel
D.C. Bar No. 486615
Littler Mendelson, P.C.
1150 17th Street, N.W., Suite 900
Washington, D.C. 20036
(202) 842-3400
(202) 842-0011 (facsimile)
kbpregel@littler.com


/s/Theordore A. Schroeder
Theodore A. Schroeder
(Admitted *Pro Hac Vice*)
Littler Mendelson, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, Pennsylvania 15222
(412) 201-7600 (telephone)
(412) 774-1959 (facsimile)
tschroeder@littler.com

Counsel for Defendants,
Rite Aid Corporation and
Rite Aid of Washington, D.C., Inc.