UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL P. CHECKA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RITE AID OF )<br>WASHINGTON, D.C., INC., )<br>)<br>Defendant. )<br>） | Case No. 1:07CV00099 (GK)<br>Judge Gladys Kessler |

## ~~PROPOSED~~ STIPULATED PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Michael P. Checka and Defendant Rite Aid of Washington, D.C., Inc., hereby jointly propose this Stipulated Protective Order to protect confidential, proprietary and/or sensitive commercial information regarding Defendant Rite Aid of Washington, D.C., Inc., as well as confidential personnel and financial documents and information related to current and/or former employees of Defendant, who are not parties to this action. Defendant is willing to produce such relevant, non-objectionable documents responsive to discovery requests that contain such confidential, proprietary and/or sensitive information, so long as all parties agree to limit such use of information solely to this action and in strict accordance with the terms and conditions of this Protective Order. Therefore, to preclude discovery disputes and to protect against the unauthorized dissemination and use of such information disclosed through discovery in this action, the parties hereby voluntarily agree and stipulate to the entry of this Protective Order.

Accordingly, good cause having been showing within the meaning of Fed. R. Civ. P. 26(c), and it appearing that the parties to this action agree to the Protective Order, **IT IS HEREBY ORDERED THAT** the following provisions and conditions shall apply to all documents, information or things produced or filed by Defendant Rite Aid of Washington, D.C., Inc. ("Rite Aid"), that are stamped "Confidential:"

1. As used herein, the word "document" means (a) all papers, documents, and printed and written materials produced or furnished by, or obtained by Plaintiff or Defendant during the course of this matter through discovery or third-party subpoenas; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto that relate to, contain, or incorporate by reference any such papers, documents, copies, extracts, or summaries; and (d) not any materials that in the good faith judgment of counsel are privileged or work product materials.

2. Rite Aid will designate as confidential any and all documents containing confidential, proprietary or personal information (hereinafter, "Confidential Materials") pursuant to the procedures set forth below.

3. Confidential Materials shall, if in documentary form and copied for production, be stamped or designated "Confidential" and maintained and disclosed subject to the provisions of this Agreement.

4. If any confidential document is used during any deposition, the deposition or relevant portions thereof (as designated by agreement of counsel) shall be treated as confidential in accordance with paragraph 3.

5. Any document, information, or deposition designated as "Confidential" under this Order shall, if filed with the Court, be clearly marked "Documents subject to Protective Order,"

sealed, placed in separate, secure storage by the Clerk, and opened only by authorized court personnel. The party making such filing shall follow Local Rule 5.1(j) when filing any sealed or confidential documents. Any documents filed under seal shall not be disseminated to the general public in any manner, including by use in any briefs, motions, or otherwise that may be open to the general public's inspection. It shall not be necessary to file any brief, or portion of brief, under seal, as long as the brief does not disclose or refer to specific information contained in the "Confidential" document(s). At the conclusion of the case, the parties hereby permit the Clerk of the Court to return to undersigned counsel or to destroy any sealed material filed during the litigation.

6. Except as otherwise provided herein, Confidential Materials shall be used solely for the prosecution and defense of the claims in this action. Unless the Court for good cause shown rules otherwise, Confidential Materials shall not be disclosed to any person other than the Court and the following individuals:

(a) judicial officers and personnel (including stenographic reporters);

(b) any witness or potential witness during preparation for deposition or trial;

(c) counsel of record in this action and members and associates of their law firms;

(d) the clerical and paralegal staff of counsel of record in this action;

(e) persons retained by counsel of record to furnish expert services or advice or to give expert testimony in this action, provided that disclosure shall only be to the extent necessary as it pertains to the area of expertise; and

(f) the parties to this action.

Confidential Materials disclosed to any such person shall not be disclosed by him or her to any other person not included within subparagraphs (a) through (f) of this paragraph 6 except as

otherwise agreed upon in writing by the parties or except as required by subsequent Order of the Court.

7. Before any Confidential Materials are disclosed to any person as permitted in paragraph 6, except for judicial officers and personnel and /or any agreed upon mediator, that person shall be provided a copy of this Order and directed not to use or disclose the contents of any Confidential Materials for any purpose other than as permitted by this Agreement or as required by subsequent Order of the Court.

8. Nothing contained in this Order shall affect the right of any party to make any objection, claim or other response to interrogatories, requests to admit, requests for production of documents or to any questions at deposition. Further, this Order shall not waive any party's or third party's legal arguments, rights or obligations with respect to any material produced in this action.

9. Materials protected from unauthorized disclosure under this Agreement may be offered in evidence at trial or any court hearing. Rite Aid may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine what protection may be afforded such information at the trial or hearing.

10. Inadvertent disclosure of Confidential Materials by Rite Aid and/or use of Confidential Materials by Rite Aid in the regular course of business that does not result in the publication of the Confidential Materials to the general public shall not be deemed to waive any of the rights set forth in this Agreement.

11. Within sixty (60) days of the conclusion of this action, all persons subject to this Order shall return or destroy all Confidential Materials, including all copies thereof, and shall

confirm that they have done so in writing within 75 days of the conclusion of this action, including any appeals thereof. The remaining provisions of this Order prohibiting nondisclosure of information shall continue in effect after the termination of this litigation.

SO ORDERED into this 20th day of August, 2007

*Gladys Kessler*
Hon. Gladys Kessler
United States District Court Judge

PREPARED BY:

/s/ Katherine E. Bierma Pregel
Katherine E. Bierma Pregel
D.C. Bar No. 486615
LITTLER MENDELSON, P.C.
1150 17th Street, N.W. Suite 900
Washington, D.C. 20036
(202) 842-3400 (telephone)
(202) 842-0011 (facsimile)
kbpregel@littler.com

Theodore A. Schroeder
(Admitted *Pro Hac Vice*)
LITTLER MENDELSON, P.C.
625 Liberty Avenue, 26th Floor
Pittsburgh, Pennsylvania 15222
(412) 201-7600 (telephone)
(412) 774-1959 (facsimile)
tschroeder@littler.com

Counsel for Defendant,
Rite Aid of Washington, D.C., Inc.

AGREED AND CONSENTED TO BY:


<u>/s/ Robert F. Condon</u>
Robert F. Condon
D.C. Bar No. 108290
818 18th Street, N.E.
Suite 410
Washington, D.C. 20006
(202) 861-0070 (telephone)
(202) 861-2939 (facsimile)
rfcondon@artabane-belden.com

Counsel for Plaintiff,
Michael P. Checka