UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL P. CHECKA, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-99 (GK) |
| RITE AID OF WASHINGTON, D.C., | : |
| Defendant. | : |

### TRIAL PROCEDURES IN CIVIL CASES

In order to administer the trial of the above-captioned civil case in a fair, just, efficient and economical manner, it is hereby

**ORDERED,** that counsel for the parties are directed to comply with each of the following procedures and requirements.

**I.     GENERAL COURTROOM RULES**:

The Court expects counsel to demonstrate civility towards everyone related to the case and the Court at all times.

A.     All statements by counsel should be directed to the Court and not to opposing counsel.

B.     Lawyers will refer to all witnesses, over the age of 18, including their clients, as "Mr.," Ms.," or "Dr.," as appropriate. The use of first names or nicknames is not allowed.

C.     Witnesses will be addressed in a respectful and polite manner; there will be no shouting at witnesses.

D.     Lawyers shall interrogate witnesses and make opening statements and closing arguments from the lectern only. A lawyer will remain at the lectern when addressing the jury or when interrogating a witness.

      E.      If a lawyer finds it necessary to approach a witness, permission should first be obtained from the Court.

      F.      The rule on witnesses is **always** in effect.

      G.      Times for starting and adjourning the trial day will be announced at the start of trial. Court will begin promptly and the jury will not be kept waiting. In particular, counsel are **warned** not to raise preliminary matters at the start of the trial day, when the jury and all others are ready to proceed.

      H.      **Preliminary Matters:**  Each party must notify the court and the other parties in writing by **8:00 a.m.** each day of any issue that the party will ask the court to resolve or address during that day of trial. The parties will send such notice by e-mail. Judge Kessler's e-mail address for this purpose is Kessler_Chambers@dcd.uscourts.gov. A copy of the notice also should be sent to Judge Kessler's law clerk, Dana Boehm at Dana_Boehm@dcd.uscourts.gov. The opposing party or parties must submit their response, if any, by **9:00 a.m.** to the court and to all parties. Such response will be submitted to the court at the e-mail addresses above and to counsel at their email addresses. **The parties are encouraged to submit objections and responses thereto on the evening of the preceding day whenever possible**. Counsel who lodge objections must state the legal basis for their objections without elaboration or argument (unless invited), and the court will rule on the objection without additional discussion except in the most critical areas. For purposes of "protecting the record" for appellate review, counsel may explain or amplify their objections on the record, after the jury has been excused for a break, lunch, or for the day.

**II.**      **JURY SELECTION**:

All members of the panel will be seated in the courtroom in the order in which they are listed on the jury sheets. Attendance will be taken by the courtroom clerk, and the panel will be sworn in. The Court will announce, in advance of voir dire, the number of alternate jurors to be selected, the seats in which they will be placed, and the number of peremptory challenges to be allowed.

Voir dire will be conducted by the Court. Standard voir dire questions will be asked. Requests for additional voir dire must be submitted to the Court, in writing with an accompanying copy on disk, at least **one week prior to trial**. Questions submitted on the day of trial **will not** be considered.

When jurors enter the courtroom, they will be given a small index card. As the Court questions them, jurors will write down on the card the numbers of the questions to which they have answers. All jurors will then be called to the bench for questioning. The Court will question first and counsel may pose brief follow-up questions.

Strikes for cause will be heard before each recess and at the end of all questioning of the jurors. The Court will first indicate those it believes are disqualified and hear any objections from counsel; thereafter, counsel's strikes for cause will be heard and ruled on.

After completion of questioning and striking of jurors for cause, the requisite number of jurors will be placed in the jury box. All strikes are to made **on a written form** provided by the Court. Counsel are **not** to make their jury selections in open court or out loud. The Court's written strike form is attached hereto, as Attachment 1. Counsel may strike from the jury panel. At the end of each round, those jurors struck will be excused from the jury box to take their seats in the courtroom, until the conclusion of jury selection so that counsel will always be able to see exactly what their jury looks like. A pass will be treated as a strike. When counsel make their written strikes they are to indicate the seat number and the juror number so there is no confusion. It is

3

particularly important that counsel indicate, in the appropriate column on the attached form, the race and gender of each juror struck.

### III. CONDUCT OF THE TRIAL:

    A.    **Verbal or Facial Contact with the Jury**: Counsel, the parties, and members of the audience, shall not make any verbal comments, facial expression, laughter, or other contact with the jury which would be interpreted as conveying a comment one way or the other with respect to any testimony, argument or event that may occur during trial. Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel. Any persons violating this rule may be summarily ejected from the courtroom.

    B.    **Adoption of Arguments and Objections**: Any objection or argument made by one plaintiff or defendant shall be deemed the objection or argument of all plaintiffs or all defendants, respectively, except for a matter that a party does not have standing to address, or that is manifestly irrelevant to that party, unless a party specifically "opts out" of the objection or argument. Consequently, there is no need to indicate, for example, that defendant "A" joins in the position take by defendant "B."

    C.    **Bench Conferences**: Bench conferences are discouraged and should be requested only when absolutely necessary. Counsel should not expect requests to approach the bench to be routinely granted. Counsel should always consider whether the issue counsel wishes to address at the bench can wait until a recess has been called.[1]

---

[1] Counsel may seek to convene a bench conference if counsel is to engage in a line of inquiry on direct or cross examination which reasonably necessitates pre-clearance, *e.g.*, missing witness/evidence, or potentially inflammatory areas of interrogation.

      D.      ***Sua Sponte* Jury Instructions**: Should events during trial necessitate a *sua sponte* jury instruction, the party requesting the instruction shall write the instruction as he/she wants the judge to read it to the jury. Failure to do so shall be deemed a waiver of any such request. It shall be the responsibility of counsel making the request to include the instruction in the final charge to the jury. This request will be made no later than 4:00 p.m. on the date prior to the date on which the final charge is to be given to the jury.

      E.      **Motions in Limine**: Motions in Limine are encouraged with respect to legal matters that can reasonably be expected to arise during trial, and should be filed as soon as they come to the attention of counsel for any party.

      F.      **Exhibit Lists**: All exhibits are to be marked numerically in advance of trial and the written list must contain a brief description of each exhibit.

      G.      **Objections**: Counsel shall not make "speaking" objections in front of the jury. An objection shall be made by: (a) standing, (b) immediately saying "objection" and, if the court does not rule immediately, (c) stating the basis for the objection in no more than four words *e.g.*, "Objection, hearsay," "Objection, lack of foundation," "Objection, asked and answered." The objection or argument, "I don't know where he is going with this," will not be sustained. After the Court has ruled on any motion or objection, counsel should proceed to the next question, or item of business. Counsel shall not attempt to argue further unless a specific request is made of the court to do so, and permission for such further argument is specifically given by the court. After the court has ruled, it is not necessary, and counsel shall not "note an objection for the record." For purposes of "protecting the record" and assisting the Court of Appeals, counsel may explain their positions

and the Court may explain its ruling on the record after the jury has been excused for a scheduled break or lunch.

H.     **Direct and Cross-examination**:  On direct or cross-examination of a witness, counsel shall not:

1. be allowed re-cross-examination of any witness unless specifically given permission, which will only be granted rarely, if at all;

2. testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received into evidence; see, e.g., United States v. Sampol, 636 F.2d 621, 669 (D.C. Cir. 1980);

3. use an objection as an opportunity to argue or make a speech in the presence of the jury; see, e.g., United States v. Powe, 591 F.2d 833, 839 (D.C. Cir. 1978);

4. show to the jury a document or anything else that has not yet been received into evidence; cf. United States v. Treadwell, 740 F.2d 327, 339 (D.C. Cir. 1985), cert. denied, 474 U.S. 1064 (1986);

5. question a witness about whether or why any other witness would lie on the stand; see United States v. Boyd, 54 F.3d 868, 871-72 (D.C. Cir. 1995); or

6. offer gratuitous comments and asides about witnesses testimony or opposing counsel.

Failure to abide by these rules may result in severe sanctions.

I.     **Closing Arguments**:  The Court will deliver the bulk of final instructions before closing arguments.  Any proposed jury instructions must be submitted to the Court, in writing with an accompanying copy on disk, at least **one week prior to trial**.

With regard to both opening statements and closing arguments, the Court will intervene sua sponte and not wait for objections if it observes the failure to adhere to basic legal principles.  In

making closing arguments, counsel shall, as usual, be limited by the evidence presented during trial. Moreover, during closing arguments and throughout the trial, counsel **shall not**:

1. make statements of personal belief to the jury or express belief in the credibility of any witness; see, e.g., United States v. Young, 470 U.S. 1,8 (1985) (citing ABA Standards for Criminal Justice 4-7.8); United States v. Jones, 433 F.2d 1107, 1108 & n.5 (D.C. Cir. 1970) (per curiam);

2. make personal attacks on other counsel in the case; see, e.g., Young, 470 U.S. at 9; United States v. Mealy, 851 F.2d 890, 904 (7th Cir. 1988);

3. appeal to the self interest of the jurors; see, e.g., United States v. Monaghan, 741 U.S. 1085 (1985); United States v. Shirley, 435 F.2d 1076, 1979 (7th Cir. 1970) (per curiam); or

4. make racial, political, or religious comments; see,e.g., Brooks v. Kemp, 762 F.2d 1383, 1413 (11th Cir. 1985), cert. denied, 478 U.S. 1022 (1986); United States v. Hollins, 811 F.2d 384, 390 (7th Cir. 1987).

Failure to abide by these rules may result in severe sanctions.

J.  Counsel calling a witness to testify should have no further discussions with that witness concerning the case or any aspect of the testimony after the witness has been tendered for cross examination and until such time as the witness has been tendered back for redirect examination. At all other times, within the bounds of governing ethics and the law, counsel may pursue their discussions with witnesses during the trial.

K.  **Note Taking and Asking of Questions**: Jurors will be provided notepads and pencils, will be allowed to take notes., and will be allowed to pose written questions for witnesses.

After conferring with counsel at the bench, the Court will decide which questions may be asked, and who may ask them.

                                                      /s/_____
                                                      Gladys Kessler
                                                      U.S. District Judge

December 18, 2007

**Copies via ECF to all counsel of record**

**Attachment 1**

JURY TRIAL
PEREMPTORY CHALLENGES

Plaintiff (or U.S.)_____ v. Defendant(s)_____

Case No._____

Plaintiff (or U.S.)                                   Defendant(s)

|    | Juror ID No. | Sex | Race | Seat No. | Juror ID No. | Sex | Race | Seat No. |
|----|--------------|-----|------|----------|--------------|-----|------|----------|
| 1  |              |     |      |          |              |     |      |          |
| 2  |              |     |      |          |              |     |      |          |
| 3  |              |     |      |          |              |     |      |          |
| 4  |              |     |      |          |              |     |      |          |
| 5  |              |     |      |          |              |     |      |          |
| 6  |              |     |      |          |              |     |      |          |
| 7  |              |     |      |          |              |     |      |          |
| 8  |              |     |      |          |              |     |      |          |
| 9  |              |     |      |          |              |     |      |          |
| 10 |              |     |      |          |              |     |      |          |

ALTERNATES

|    | Juror ID No. | Sex | Race | Seat No. | Juror ID No. | Sex | Race | Seat No. |
|----|--------------|-----|------|----------|--------------|-----|------|----------|
| 1  |              |     |      |          |              |     |      |          |
| 2  |              |     |      |          |              |     |      |          |
| 3  |              |     |      |          |              |     |      |          |
| 4  |              |     |      |          |              |     |      |          |