## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| **MICHAEL P. CHECKA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 1:07CV00099 (GK)** |
| | ) | **Judge Gladys Kessler** |
| **v.** | ) | |
| | ) | **Next Scheduled Deadline:** |
| | ) | **Objections to Trial Exhibits Due** |
| | ) | **February 1, 2008** |
| **RITE AID OF** | ) | |
| **WASHINGTON, D.C., INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

_____

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S
## PROPOSED TRIAL EXHIBITS

Pursuant to the Court's December 18, 2007 Order, Defendant, Rite Aid of Washington, D.C., Inc., hereby objects to selected trial exhibits proposed by Plaintiff in the parties' Joint Pretrial Statement, filed December 7, 2007.

For the Court's convenience, below is a chart indicating which of Plaintiff's proposed exhibits are identical to specified exhibits proposed by Defendant:

| Exhibit Title/Description | Plaintiff Exhibit No. | Defendant Exhibit No. |
|---|---|---|
| Michael Checka Statement dated February 9, 2005 (D-00085 – D-00088) | 1 | 10 |
| Declaration of Norman Collins dated May 20, 2005 (D-00172) | 2 | 28 |
| Declaration of Harold Vizian dated June 9, 2005 (D-00164 – D-00165) | 3 | 30 |
| David Christopher Green statement dated March 17, 2005 (D-00095 – D-00096) | 4 | 12 |

| | | |
|---|---|---|
| Scott Zavinski notes re Harold Vizian interviews (D-00100 – D-00101) | 7 | 15 |
| Scott Zavinski notes re Stacia Martin interview (D-00108 – D-00110) | 8 | 20 |
| Superior Court No-Paper Notice (Exhibit 23 to Checka Depositon) | 9 | 24 |
| Robert Condon letter dated March 9, 2005 (D-00176 – D-00177) | 10 | 26 |
| Wayne LeClair letter dated March 31, 2005 (D-00135) | 11 | 27 |
| Robert Condon letter dated May 24, 2005 forwarding Norman Collins Declaration (D-00172) | 12 | 28 |
| E-Mail chain regarding Norman Collins (D-00138, D-00141 – D-00143) | 13 | 29 |
| Robert Condon letter dated June 9, 2005, forwarding Harold Vizian Declaration (D-00163) | 14 | 30 |
| Scott Zavinski's notes of interview of Norman Collins (D-00139 – D-00140) | 15 | 31 |
| Wayne LeClair letter dated August 10, 2005 (D-00153 – D-00154) | 16 | 32 |
| Wayne LeClair letter dated December 8, 2005 (D-00149) | 17 | 33 |
| Checka Affidavit (Exhibit 18 to Checka Deposition) | 18 | 34 |
| Checka Rebuttals (Exhibit 19 to Checka Deposition) | 19 | 38 |
| Scott Zavinski's notes re interview with S. Carmichel (D-00105) | 20 | 16 |

| | | |
|---|---|---|
| Checka 2004 Federal Tax Return (Exhibit 30 to Checka Deposition) | 22 | 42 |
| Checka 2005 Federal Tax Return (Exhibit 31 to Checka Deposition) | 23 | 43 |
| Checka 2006 Federal Tax Return (Exhibit 32 to Checka Deposition) | 24 | 44 |

Defendant objects to the following numbered exhibits identified by Plaintiff for the reasons stated:

**Plaintiff's Proposed Exhibit 5**

**Wendy Brown sworn statement dated March 3, 2005**

Defendant objects to Plaintiff's use of Wendy Brown's statement because it is irrelevant. Ms. Brown was not employed by Rite Aid at the time of the February 5, 2005 incident between Plaintiff and Ashenafi Legesse Alene. In her statement, Ms. Brown states that she was employed by Defendant until 2004. She did not witness the February 5, 2005 incident. Ms. Brown's statement should be excluded because her statement is not relevant to the claims and defenses in this case. Fed. R. Evid. 401, 402. The statement does not shed light on Plaintiff's allegations that he was discriminatorily terminated by Defendant following the incident with Mr. Alene.

Moreover, the statement is nothing more than character evidence regarding Ms. Brown's opinions of Plaintiff and Mr. Alene, which is inadmissible to prove conduct in conformity therewith on a particular occasion, such as during the February 5, 2005 incident. Fed. R. Evid. 404. Accordingly, Ms. Brown's statement should be excluded.

**Plaintiff's Proposed Exhibit 21**

**Reports of Scott Zavinski regarding the investigation into the Steve Obidike incident in**

**June 2004**

Defendant objects to Plaintiff's use of Scott Zavinski's reports regarding Defendant's investigation concerning an alleged incident between Steve Obidike and Angela Nwosu at another Rite Aid store in June 2004 because it is irrelevant and would result in needless delay of the trial. This proposed exhibit concerns another pharmacist at a different Rite Aid store and an incident that allegedly occurred between that pharmacist and a co-worker more than six months prior to the February 5, 2005 incident between Plaintiff and Mr. Alene. The alleged June 2004 incident involving Mr. Obidike is unrelated and dissimilar to the February 2005 incident involving Plaintiff. Plaintiff's proposed Exhibit 21 solely concerns the incident regarding Mr. Obidike and does not tend to prove or refute the existence of any fact germane to the question of whether Plaintiff was unlawfully terminated by Defendant following his altercation with Mr. Alene.

In addition, allowing this exhibit to be introduced would needlessly result in a "mini-trial" whereby the parties would have to present unnecessary evidence as to the Defendant's unrelated reasons and justifications for its employment decisions regarding Mr. Obidike. The danger of undue delay would substantially outweigh the negligible probative value of Plaintiff's proposed Exhibit 21. Fed. R. Evid. 403.

For the reasons stated herein, Defendant objects to Plaintiff's use of his proposed trial Exhibits 5 and 21 and respectfully requests that these exhibits be excluded from the trial in this case.

Dated:  January 31, 2008                    Respectfully submitted,

                                            LITTLER MENDELSON, P.C.


                                                    /s/
                                            _____
                                            Katherine E. Bierma Pregel
                                            D.C. Bar No. 486615
                                            1150 17th Street, N.W.
                                            Suite 900
                                            Washington, DC  20036
                                            202.842.3400  Telephone
                                            202.842.0011  Facsimile
                                            kbpregel@littler.com

                                            Theodore A. Schroeder
                                            (Admitted *Pro Hac Vice*)
                                            625 Liberty Avenue
                                            26th Floor
                                            Pittsburgh, PA  15222
                                            412.201.7600  Telephone
                                            412.774.1959  Facsimile
                                            tschroeder@littler.com

                                            Counsel for Defendant
                                            Rite Aid of Washington, D.C., Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Defendant Rite Aid of

Washington, D.C., Inc.'s Objections to Plaintiff's Proposed Trial Exhibits was served via ECF

Electronic Filing this 31st day of January, 2008, upon:

> Robert F. Condon, Esquire
> Artabane & Belden, P.C.
> 818 18th Street, N.W.
> Suite 410
> Washington, DC  20006
>
> Counsel for Plaintiff

> _____/s/_____
> Katherine E. Bierma Pregel